THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY GLENN THOMPSON,<br><br>    Petitioner,<br><br> v.<br><br>STEVE SINCLAIR,<br><br>    Respondent. | CASE NO. C14-0002-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner's objections to the Report and Recommendation of the Honorable Brian A. Tsuchida. (Dkt. No. 9.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections and ADOPTS the Report and Recommendation in full.

Plaintiff was convicted in 2004 in King County Superior Court for ten counts of First Degree Robbery and five counts of first degree kidnapping. He previously filed a petition for a writ of habeas corpus in federal court, which was denied on the merits and dismissed by the District Court on September 4, 2009. *See Thompson v. Sinclair*, Case No. C08-1831-JLR, Dkt. No. 25) (W.D. Wash. Sept. 4, 2009). In that petition, he challenged his conviction on the grounds of ineffective assistance of counsel; a violation of his due process rights due to prosecutorial vindictiveness; and that the trial court erred when it: 1) denied his motion for a new trial; 2)

denied his motion to dismiss all amended charges; and 3) remedied the prosecutorial vindictiveness by dismissing only 10 kidnapping charges.

In January 2014, Petitioner filed a new petition for a writ of habeas corpus, arguing that insufficient evidence had been submitted to the jury on certain counts, and that the Court should hold a hearing on whether there was insufficient evidence of certain predicate offenses. (Dkt. No. 7 at 10.) Judge Tsuchida recommended transferring the petition to the Ninth Circuit as a second or successive petition. (Dkt. No. 8.) Petitioner objected, stating that because he raised new grounds for relief in his most recently-filed petition, he should be allowed to proceed in this Court. (Dkt. No. 9.)

Generally, "[b]efore a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "AEDPA does not define the terms 'second or successive.'" *Hill v. Alaska*, 297 F.3d 895, 897 (9th Cir. 2002). Usually, where the habeas petition "attacks [the] underlying conviction," it is "a prime example of a 'second or successive' petition under § 2244(b)." *Id.* at 899. However, where the petition brings a claim that could not have been brought in earlier petitions, such as "a prisoner's first petition challenging the calculation of release date," it may not necessarily be deemed successive "if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition." *Id.* at 898.

Here, Petitioner raises new grounds for challenging his conviction: that insufficient evidence was submitted to prove certain of his convictions, and that the Court should hold a hearing to determine whether there was sufficient evidence of certain predicate offenses. Petitioner does not argue that he did not have an opportunity to challenge the state's conduct in his prior petition, but instead argues that this is the first petition he has filed that challenges his conviction on the basis of insufficient evidence. (Dkt. No. 9 at 2.) However, those arguments do not change the fact that this petition is still "second or successive" under the statute.

//

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 2

Accordingly, the Court ORDERS that:

1) The Court ADOPTS the Report and Recommendation, (Dkt. No. 8), of the Honorable Brian A. Tsuchida in full.

2) Petitioner's 28 U.S.C. § 2254 petition is hereby TRANSFERRED to the Ninth Circuit as a second or successive petition.

3) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Brian A. Tsuchida and to administratively close this file.

DATED this 25th day of February 2014.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE